JOHN BROWN AND HENRY RUENBUHL v. JOSEPH FRANKLIN, ADM'R.

ADMINISTRATOR DE BONIS NON.—An administrator *de bonis non* cannot maintain an action against his predecessor to annul a sale of real estate made by him by order of and approved by the court, nor to set aside an allowance and approval of an account against the estate made in the proceedings of the former administration.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

*C. B. Sabin* and *Leslie Thompson*, for appellants. This was a suit brought by an administrator *de bonis non* against a former administrator and purchaser to set aside various orders and decrees of the Probate Court, and an order of sale, and sale thereunder, of certain real estate, and thereby to recover a tract of land, without joining the heir. This we say could not be done. And we submit that it was error in the court to overrule the general demurrer and special exceptions to appellants' original and amended petitions.

An administrator *de bonis non* cannot maintain an action in the District Court to vacate a decree obtained by his predecessors in the Probate Court. The only suit maintainable by an administrator *de bonis non* against his predecessor, is a suit on the bond of the latter for property or assets of the estate not accounted for.

An administrator *de bonis non* is not a "person interested in the estate" within the meaning of Paschal's Dig., art. 1382.  (McDonald *v.* Alford, 32 Tex., 35 ; Johnson *v.* Hogan, 37 Tex., 77 ; Barrett *v.* Barrett, 31 Tex., 345 ; Murphey *v.* Menard, 11 Tex., 673.)  If such a suit is brought the heir or heirs must be made parties.  (Paschal's Dig., arts. 5614, 5669, 5700.)

*Gresham & Mann,* for appellee.  Only one of the appellants (Henry Ruenbuhl) has filed a brief in the case, and the only errors relied upon therein seem to be—

1. That an order of the Probate Court allowing and approving claims against an estate cannot be set aside by the District Court unless that tribunal acquires jurisdiction by means of a writ of *certiorari;* and

2. That the administrator *de bonis non* in this case could not sue to set aside the sale of the lot in question, and to recover it for the estate, without joining the heirs with him in the suit.

As to the first point, we hold the law to be as follows : " The allowance and approval of a claim by an administrator and the chief justice, being a *quasi* judgment, cannot be appealed from or revised upon *certiorari* by the District Court.  It can only be set aside or nullified by an original proceeding commenced in the District Court for that purpose, showing that the claim could not legally have been allowed; to support which we cite the following authorities:  Heffner *v.* Brander, 23 Tex., 632 ; Eccles *v.* Daniels, 16 Tex., 136 ; Neill *v.* Hodge, 5 Tex., 487 ; Jones *v.* Underwood, 11 Tex., 116 ; Pitner *v.* Flanagan, 17 Tex., 9, which are conclusive.

As to the second point, our argument is that the lot in question will be, when recovered, unadministered assets belonging to the estate, and in the hands of the administrator to pay debts; petition alleges debts due by the estate.  The purpose of this suit was to set aside fraudulent proceedings

and recover back to the estate this lot, which still belonged to the estate, and always had; and to show that fraudulent proceedings, such as were resorted to by Brown and Ruenbuhl, could not divest the estate of its title to the lot.   How, then, could an heir sue or be joined in a suit for property that goes back into an estate as unadministered assets in the hands of the administrator, out of which debts are to be paid?   This was not a suit of trespass to try title, in which the title to the lot in question is affected; it is a suit for the possession of the lot, the title to which had never passed out of the estate.   If the suit were one of trespass to try title the point made would be good, and the heirs would have to be joined with the administrator in the suit.   Such, however, is not the case.   Our view of the law is that "heirs cannot sue for the possession of property belonging to an estate which is unadministered, and which, when recovered, will still be assets in the hands of an administrator, out of which debts are to be paid.   The administrator, or, as in this case, the administrator *de bonis non*, alone can sue." To support this proposition we cite the following authorities: Cochran *v.* Thompson, 18 Tex., 657; Giddings *v.* Steele, 28 Tex., 748; Lacy *v.* Williams, 8 Tex., 182; McIntyre *v.* Chappell, 4 Tex., 187; Moore *v.* Morse, 2 Tex., 400; Evans, Guardian, *et al., v.* Oakley, 2 Tex., 182; De Witt *v.* Miller, 9 Tex., 247.

*Wheeler & Rhodes*, for appellants, in reply.   The administrator *de bonis non* could not maintain the action.

Paschal's Dig., art. 5614, is clear and unmistakable, and in the following words:

"It follows from the preceding section that executors may sue and be sued for the possession of real property, but that the title to such property cannot be affected by any suit to which the persons entitled to recover the remainder of the estate are not parties."   (See also arts. 5697, 5698, and 5700.)

In the case of Barrett *v.* Barrett, 31 Tex., 347, the Supreme Court makes use of the following language:

"It is impossible to adjudicate upon the title of land held by an estate without making the heirs upon whom the descent was cast parties."

In the case of McDonald *v.* Alford, 32 Tex., 35, a case identical in all its material features with the one at bar, the court reviewing arts. 1376 and 1382, Paschal's Dig., lay down the following principles:

"An administrator *de bonis non* is not a person interested in the estate of his intestate within the meaning of art. 1382, Paschal's Dig., which authorizes persons so interested to institute suit in the District Court to correct accounts of executors or administrators settled in the Probate Court."

Again: "An administrator *de bonis non* cannot maintain an action in the District Court to vacate a decree obtained by his predecessor in the Probate Court."

In the same decisions we find, "It is not competent for an administrator *de bonis non,* nor even for parties interested in the estate, to combine in one suit an action against a former administrator to set aside an order obtained by him, with an action against a third party, to recover land conveyed under such order."

In the case of Murphey *v.* Menard, 11 Tex., 673, the Supreme Court (Justice Wheeler delivering the opinion) hold, "That an administrator *de bonis non* cannot, either under the law governing estates or on general principle, maintain an action in the District Court to revise the settlement of the accounts of a former administrator." "Such proceeding lies at the suit of a creditor legatee or distributee only." And further, "It seems that the only action which an administrator *de bonis non* can have against a former administrator, is on the bond, not for maladministration or *devastavit* but to recover any amount that is shown to be due by the settlement of such former administrator's final account."

In the case of Johnson *v.* Hogan, 37 Tex., 80, the court

reaffirm the principle that the account of a former adminis-
trator cannot be revised at the suit of an administrator *de
bonis non.* But, say counsel for the appellee, the lot in
question will be, when recovered, "unadministered assets of
the estate." Certainly; but how recovered? By vacating
a decree obtained in the Probate Court of Galveston county,
and by reversing and setting aside the accounts of the
former administrator, Brown, which we have conclusively
shown cannot be done in this character of procedure. We
do not claim that this is an action of trespass to try title,
and that the administrator is not the proper party to sue
for the possession of unadministered property belonging to
the estate. But is not something more than possession
sought in this cause? The answer to this is to be found in
the pleadings, verdict, and judgment.

We think that upon a careful examination of the author-
ities cited by appellee it will be found that the cases are
wholly unlike the one at bar, and by no means support the
proposition there contended for. In the case in 18 Tex., 657,
Cochran *v.* Thompson, the grant of administration was void
for reasons therein stated, and the sale not made in due
course of administration. And Chief Justice Hemphill, in
delivering the opinion of the court, expressly declares that
the objection we make in this case would have been con-
clusive in that case had the sale been made in due course
of administration.

It is not claimed that there was any irregularity as to
Brown's appointment and qualification.

The case of Lacy *v.* Williams, 8 Tex., 182, was a suit
simply for the possession of two slaves unlawfully converted
to their use by the administrators.

There had been no sale of this property by the Probate
Court, nor did the plaintiffs in any manner seek to review
the action of that court.

The case in 4 Texas and those in 2 Texas were all actions
for the recovery of personal property, and the principles

there decided have no application to the administration of real property under our probate system.

The case in 28 Texas is based upon the supposed authority of the case in 2 Texas above referred to.

MOORE, ASSOCIATE JUSTICE.—This is a suit by Joseph Franklin, the appellee, as administrator *de bonis non* of the estate of Fredrica Pfleger, deceased, against John Brown, the former administrator of said estate, and Henry Ruenbuhl, a son and one of the heirs of said Fredrica Pfleger. Its object is to annul and set aside the allowance by the administrator, and approval of the Probate Court of the claim of said Ruenbuhl against said estate, and also to cancel and annul an order of sale and the sale thereunder of a lot in the city of Galveston, belonging to said estate and purchased by said Ruenbuhl, on the ground of combination, collusion, and fraud between said Brown and Ruenbuhl in the approval and allowance of said claim and in making said sale and procuring its confirmation. And in an amended petition the plaintiff also claims the rent of said lot since its sale, and asks judgment against him for all money and effects in his hands belonging to said estate.

The defendants, Brown and Ruenbuhl, after excepting generally and specially, answered all the matters alleged against them by the plaintiff. And afterwards, Brown having died, Wm. H. Brown, his administrator, was made a party defendant, who appeared, and also filed a number of exceptions to the petition and amended petition, all of which, as well as those made by his intestate and the defendant Ruenbuhl, being overruled, there was a verdict and judgment in favor of the plaintiff, canceling the allowance and approval of the claim of the defendant Ruenbuhl, declaring the sale of the lot null and void, and reinvesting the title in the estate, and for the recovery from defendants of the sum of twenty-one hundred and forty dollars for rent and other small accounts, which were afterwards remitted.

As no statement of facts is brought up with the record, it must be presumed that everything was proved which was susceptible of proof under the pleadings. And every presumption is to be indulged in favor of the verdict which the pleadings will justify. But though this is done, it is nevertheless quite obvious that the judgment is erroneous. The petition shows no right of action in the plaintiff against the defendants, and the exceptions should have been sustained. It is well settled by the former decisions of this court that the administrator *de bonis non* cannot maintain such a suit as this. In the case of Murphey *v.* Menard, (11 Tex., 673,) the court say, "That an administrator *de bonis non* cannot, either under the law governing estates or on general principles, maintain an action in the District Court to review the settlement of the accounts of a former administrator." Again: "It seems that the only action which an administrator *de bonis non* can have against a former administrator is on the bond, not for maladministration or devastavit, but to recover any amount that is shown to be due by the settlement by such former administrator's final account." (See also Johnson *v.* Hogan, 37 Tex., 80.)

There is no necessity shown for such a suit as this being prosecuted by the administrator *de bonis non,* or indeed for the appointment of such administrator. From the inventory attached to one of the amended petitions, it is evident that the object of plaintiff's appointment was merely to bring this suit. It seems quite probable that there are no claims or debts against the estate, except the cost incurred in this proceeding, if the claim of the defendant Ruenbuhl is disallowed. The other distributees, who are not before the court, and the defendant Ruenbuhl, are the only persons who seem to be interested in the estate and its proper settlement. If any sufficient cause for annulling the orders and decrees of the Probate Court complained of exist, this might be done by distributees, or creditors, if any, if it had been attempted at the proper time and in the proper man-

ner. (Paschal's Dig., art. 1382.) Or, if the title of Ruen-buhl can be impeached collaterally, while the order confirming the sale and directing a title to be made him remains unrevoked, his co-distributees may sue him for their interest in the lot. It cannot be said that the plaintiff shows the sale of the lot to be void, in that absolute sense that he may sue for and recover it from the parties holding and claiming under the orders of the Probate Court, while they are in force and neither reversed nor overruled. And if not, his action is dependent upon his right to review the action of the court and of his predecessor in the administration of the estate, which, we have seen, he cannot do. But if the sale is void, and he could sue for and recover the land without a review and reversal of the previous orders of the Probate Court, it would be sufficient to say that this is not such a suit. The former administrator would be an unnecessary party, if this was the character of the action. Nor is such a view of the case consistent with the prayer for judgment for the amount due the estate by the former administrator on settlement of his accounts.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.