FARMERS' NATIONAL BANK OF CENTER v. MRS. M. E. HILL ET AL.

Decided December 19, 1910.

**Husband and Wife—Gift to Wife—Separate Property.**

> Evidence as to gifts by a husband to his wife at a time when the community was solvent, and by a son to her, considered, and held sufficient to support a finding that said property and the proceeds of the same when sold were the separate property of the wife, and hence not subject to the payment of debts of the husband.

Appeal from the County Court of Shelby County. Tried below before Hon. W. D. White.

*Bryarly, Carter & Walker,* for appellant.

*Davis & Davis,* for appellees.

McMEANS, ASSOCIATE JUSTICE.—Mrs. M. E. Hill, plaintiff, joined by her husband, C. M. Hill, sued the defendant bank for the recovery of $557.31, which she alleged belonged to her in her separate right, and which sum she alleged had been appropriated by the bank in the payment of a debt for a like amount due it by her husband, C. M. Hill, while holding the money on deposit. The defendant denied that the money was the separate property of Mrs. Hill and claimed that the same was community property of C. M. Hill and his wife, Mrs. M. E. Hill, and as such subject to the payment of the debts of the husband. The defendant further pleaded that the deposit was made by the husband in the wife's name for the purpose of defrauding his creditors. A trial before the court without a jury resulted in a judgment for the plaintiff, M. E. Hill, and the defendant has appealed.

The facts out of which this litigation grew, as shown by the record, may be briefly stated as follows:   About the year 1882 Mrs. M. E. Hill was the owner of $300 in her separate right. Half of this sum was given to her by her mother in the way of a note which her husband had executed to her mother for borrowed money, and the other half was

the proceeds of the sale of a cow, which had been given to her by her uncle, and of the increase of the cow, and of the proceeds of the sale of chickens and eggs. The testimony, without here setting it out, justifies the conclusion that the increase of the cow and the proceeds of sale of the chickens and eggs were her separate property, having been given to her by her husband at a time when it is shown he was solvent. In 1882 Mr. and Mrs. Hill moved to Austin and bought a home on Guadalupe Street, and the separate property of Mrs. Hill before mentioned entered into its purchase. Subsequently they created a valid mortgage lien on this property, and litigation in regard thereto afterwards ensued in which it was adjudged that the property was subject to the mortgage lien, but no foreclosure was ordered for the reason that C. M. Hill made tender and deposited in the registry of the court the amount due on the mortgage. The testimony discloses, and in deference to the holding of the trial court we conclude, that the money or a large part thereof so deposited was furnished by Tom Hill, a son of C. M. and M. E. Hill, who at said time advanced $700 with the statement and distinct understanding that use should be made of it in satisfying the mortgage lien, and that when the place on Guadalupe Street should be sold, the $700 so furnished by him should be paid out of the proceeds to his mother, the said M. E. Hill, for her separate use and benefit, and this was assented to by the said C. M. Hill. In 1902 the said C. M. Hill and wife removed from Austin to Center, and in 1908 C. M. Hill, having an offer for the purchase of the Austin property, requested his wife to join him in a conveyance thereof which she refused to do unless he would consent to give her $1000 out of the proceeds of the sale to reimburse her for the $300 of her property that went into its original purchase and also the $700 which her son, Tom, had given her as before stated. To this he consented, the deed was duly executed and the property sold, the consideration being $2500. C. M. Hill then deposited in defendant's bank $900 of the $1000, due his wife, in her name, the bank issuing a receipt to her therefor and furnishing her a pass book showing said sum had been placed to her credit, and afterwards C. M. Hill deposited an additional $100 also in her name, which made the $1000 which it was agreed the wife should have. At the time of depositing the $900 to the credit of his wife, C. M. Hill deposited on his own account $543.24, which was also a part of the proceeds of the sale of the Austin property. Prior to this time he had borrowed from the defendant bank $500, giving his note for that sum and securing the same by attaching thereto two certificates for five shares each of the capital stock of the Shelby County Abstract Company. At the time of making the deposit the note had been once renewed, and it was not at that time due. Afterwards the certificates of stock above mentioned became worthless, and when the note fell due, C. M. Hill, who in the meantime had checked out all or a greater part of the sum deposited by him, could not or did not pay it, and some time thereafter the bank appropriated a sufficient amount out of the sum deposited with it for,

and belonging to, Mrs. Hill, to satisfy the note, and cancelled and returned the note together with the certificates of stock to Mr. Hill.

We think that under the facts above detailed, which are warranted by the evidence in the record, the money so deposited in the bank to Mrs. Hill's credit and in her name was her separate estate and as such was not subject to the payment of the debt for·which it was appropriated, and that, therefore, the court correctly rendered judgment in her favor for the amount so appropriated.

We have carefully considered all the assignments of error urged by the appellant, and have concluded that no reversible errors are pointed out in any of them and they are severally overruled.

The judgment is affirmed.

*Affirmed.*