### T. R. GULLEY v. M. E. GULLEY.

#### No. 2941.   Decided May 18, 1921.

#### (231 S. W., 97.)

**1.—Divorce—Judgment—Custody of Children—Obligation to Support.**

A decree of divorce awarding to the wife the custody of the minor children, with possession of the homestead, and partitioning the community property, but making no provision for the maintenance of the children save by an order (subsequently held void) for payment of a monthly allowance therefor by the father and mother equally, did not impair in any way the obligation of either parent to support the children.  (P. 237).

**2.—Parent and Child—Divorce—Liability for Necessaries.**

The father, owning an adequate estate, can be required to pay the value of necessaries for his minor children, when furnished by the mother from her own adequate estate, after the mother has been divorced from the father and the custody of the children adjudged to her, the decree of divorce failing to provide for the children's maintenance.  (Pp. 236-241).

**3.—Same.**

Both parents are charged with a natural and legal duty to support their children during minority, recognized by both our civil and penal laws.  The court, in decreeing a divorce, in order to provide revenues for the maintenance of the children, may utilize the interest of both parents in the community or their separate property.  (Pp. 237, 238).

**4.—Same—Father's Duty Primary.**

Though both parents are under the legal duty to support and educate their children during minority, this duty rests primarily on the father; and he is not relieved of this duty by a decree of divorce which awards the custody of the children to the mother, but is silent as to their maintenance. (Pp. 238, 239).

**5.—Same.**

The duty to support a child is imposed primarily upon the father in the interest of the child.  The disability of the mother during coverture is not

the sole reason for making her obligation to support secondary to that of the father. Nor does the latter's duty rest on the advantage to him derived from his right to the custody and services of the child. The mother's obligation ought not to be made more onerous because the custody of the child is confided to her in the promotion of its highest interest. (Pp. 239, 240).

6.—Same.

The fathers duty to supply necessaries to his children, before or after divorce, corresponds to his financial ability, having due regard to all his lawful obligations. It is within the power of the court pronouncing a divorce to make suitable provision for the maintenance of the children by means of the property of both parents, and its jurisdiction to enforce such provision and to safeguard the rights of both parents and children is a continuing one and excludes liability therefor except as ordered by the court rendering the decree. But where the decree does not undertake to provide for the support of the children save in a manner adjudged to be void, the father's primary liability for necessaries for their maintenance continues unaffected by the divorce. (P. 241).

7.—Practice on Appeal.

Since the divorced mother, awarded the custody of the children, and recovering judgment against the father for necessaries advanced for their support, did not complain of a judgment on appeal holding that she was entitled to recover only one-half of such expenditures, the father only prosecuting writ of error therefrom, the judgment of the appellate court is affirmed. (Pp. 241, 242).

Error to the Court of Civil Appeals for the Sixth District in an appeal from Panola County.

Mrs. M. E. Gully, divorced wife of T. R. Gully, brought suit against him to recover for necessary expenses of maintenance of their children, of whom, by the decree of divorce she had been awarded the custody. On defendant's appeal the judgment in her favor was reversed and rendered for her for one half only of the expenditures in question (184 S. W., 555) and appellant defendant below, prosecuted writ of error to the Supreme Court, defendant in error making no complaint of the decree on appeal.

*H. N. Nelson,* for plaintiff in error:

The natural duty to support the children is a duty common to both parents, and while the liability of the mother to maintain the children is suspended during marriage, when the marriage has been dissolved she is equally liable with her husband. As wife she is not bound to maintain the children, but as parent she is equally bound with the father, and the children having been by her own action taken from the father, without his consent, and she having obtained their custody and their services in opposition to the will of the father, and thus deprived him not only of the present and prospective services, but of all control over them and the right and power of advising and directing in regard to the amount and fitness of the support which he is called upon to pay for, plaintiff could not maintain this suit. Husband v. Husband, 67 Ind. 583, 33 Am. Rep., 107; Harris v. Harris, 5

Kans., 46; Hamilton v. Allee, 56 Kans. 461, 43 Pac., 779; Brown v. Smith, 30 L. R. A. 680-1-2; Rich v. Rich, 95 N. Y. Sup. Ct. (88 Hun) 566, 34 N. Y. Supp., 854; McNees v. McNees, 97 Ky., 152, 30 S. W., 207; Schouler, Dom. Rel., 3rd ed. Sec. 237; 2 Bishop on Marriage & Divorce Sec. 557; Rivers v. Rivers, 133 S. W., 526; Buckminster v. Buckminster, 38 Vt., 248, 88 Am. Dec., 652; Chester v. Chester, 17 Mo. App., 657; Burritt v. Burritt, 29 Barb., 130.

The obligation to support the minor children is equal upon both parents, when divorced and the custody of the children is given to the wife, and there was no legal ground to authorize a rcovery by the mother against the father for the maintainance of the children, and at most she could have a right to sue him for contribution only. Pawling v. Willson, 13 Johns., 192.

The only remedy the plaintiff had was to reopen the divorce case as to support for minors. Foote v. DePoy, 126 Iowa, 366, 68 L. R. A. 302, 106 Am. St. Rep., 365; Harris v. Harris 5 Kan., 46; Hampton v. Allee 56 Kan., 461, 43 Pac., 779.

The right of the father to the services and earnings of his minor children is founded upon his obligation, which the law imposes upon him, to nurture and educate them; and it continues until their maturity, if they remain with him, when the law determines that they are capable of providing for themselves. But when the father is deprived of their custody and services, by a decree which commits them to the custody of the mother, the duty to support them no longer exists. Brown v. Smith, 30 L. R. A., 681; Gilley v. Gilley, 79 Me., 292; Brow v. Brightman, 136 Mass., 187; Johnson v. Onstead, 74 Mich., 437; Finch v. Finch, 22 Conn., 411.

*Young & Young,* for defendant in error:

The father is primarily liable for the support of his children during their infancy, and this liability continues not withstanding the decree of divorce between the parents of such children, and notwithstanding the decree of divorce awards the custody of the minors to the mother who is suing for the necessaries and support so furnished by her to the infants. Bond v. Bond, 90 S. W., 1128; Ligon v. Ligon, 87 S. W., 838; Bemus v. Bemus, 133 S. W., 503; Leibold v. Leibold, 158 Ind., 60; Fowlkes v. Baker, 29 Texas, 135.

Where through the misconduct of the husband and his breach of the marital relation, the husband renders it necessary for a court of justice to divorce his wife and commit to her the custody of his minor children he continues primarily liable for the necessaries and support furnished to them by his wife, and she may recover a judgment against him for the same. Pretzinger v. Pretzinger, 45 Ohio St., 452, 4 Am., St. Rep., 542; Gilley v. Gilley 1 Am. St. Rep., 307, 79 Maine 292.

The father is not released from obligation to support his infant children, when deprived of their services and society against his will; if voluntary misconduct on his part leads to the deprivation, he is himself responsible, and not the court which which intervenes for the protection of his children. Pretzinger v. Pretzinger, 45 Ohio St., 452, 4 Am. St., 545; Nelson on Divorce and Separation, 952; 2 Bishops Marriage, Sep. and Div. Sec. 1223.

The judgment of date April 4, 1913, in the old case, having been annulled and set aside at the instance of appellee, on writ of error to the Court of Civil Appeals, it was no longer binding on either party and the appellee was released and thrown back on her common law right to compensation for necessaries furnished minor children.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

By decree of the District Court of Panola County, entered in 1912, defendant in error, Mrs. M. E. Gully, was granted a divorce from plaintiff in error, T. R. Gully, and the custody of their seven minor children. The decree ordered partition of the community property, including 968-90/100 acres of land, a saw-mill, stocks of lumber and merchandise, fifty bales of cotton, etc., and set aside the homestead of 6-37/100 acres of land and certain appurtenant personality, for the use of defendant in error and her minor children, so long as any one of them was under age or was an unmarried daughter. The decree adjudged 567-1/2 acres of land to plaintiff in error as his separate estate. By appropriate recital, the court reserved jurisdiction to make provision for the maintenance of the minors.

In 1913, the court rendered a final judgment partitioning the community property, in accordance with its previous decree, and at the same time the court fixed $100 per month as an allowance for the support, maintenance and education of the minors, and adjudged that same be paid one-half by defendant in error and one-half by plaintiff in error.

Upon the refusal of plaintiff in error to pay one-half of the minors' monthly allowance, defendant in error applied for and obtained an order of the court directing the sale, in satisfaction of same, of a portion of the community property which had been partitioned to plaintiff in error. On appeal, the order was reversed, the provision for the monthly allowances to the minors being held inoperative and void. Gully v. Gully, 173 S. W. 1178.

Afterwards this suit was brought to recover of plaintiff in error the amount expended by defendant in error subsequent to the decree of divorce for necessaries for the children. In the trial court, defendant in error recovered a judgment for such expenditures as were found to have been reasonable and necessary for the support of the children. On appeal, the Texarkana Court of Civil Appeals reversed

this judgment and rendered judgment for defendant in error for one-half the amount recovered in the court below, one of the justices dissenting on the ground that defendant in error ought to have been denied any recovery whatever. Gully v. Gully, 184 S. W. 555.

The judges of the court of Civil Appeals concurred in the view that the duty rested primarily on the father, during the marriage, to support the minor children. A majority of the judges concluded that when the marriage relation was terminated by the decree of divorce with an award of the custody of the children to the mother then the duty to provide necessary support for the children rested equally on the father and mother. The minority judge considered that the duty to support followed the custody and passed to the mother alone.

The assignments here urge that. the judgments in the divorce suit, dissolving the bonds of matrimony between the husband and wife, awarding the custody of the minor children to the wife and settling the property rights of the husband and wife, had the legal effect to absolve the husband from any obligation to support the children, or to make his obligation secondary to that of the wife, or had the legal effect to at least absolve the husband from any obligation for the children's support which could be enforced otherwi e than by further proceedings in the divorce suit.

The judgment in the divorce suit, together with the adjudication of the invalidity of the order for stipulated monthly allowances, had the same effect, in so far as this controversy is concerned, as if the court had simply decreed the divorce and awarded the custody of the children to the mother. Apart from the provision of a homestead and its furnishings, for which no compensation was sought in this action, there is nothing in the judgments not in every judgment of divorce awarding the children to the mother's custody, which could impair the obligation of either parent to support the children, except the order for monthly allowances, which was adjudged void.

The truly important question to be decided is whether the father, owning an adequate estate, can be required to pay the value of necessaries for his minor children. when furnished by the mother, from her own adequate estate, after the mother has been divorced from the father, and after the custody of the children has been adjudged to the wife, the decree of divorce failing to provide for the children's maintenance.

The decisions in Texas uniformly recognize and declare that both parents are charged with a natural and a legal duty to support their children during minority.

Perhaps the parent's natural duty has nowhere been better stated than by the court, speaking through Judge Brown, in State v. Deaton, 93 Texas, 247, 54 S. W., 903, when he said: ''God, in his wisdom, has placed upon the father and mother the obligation to nurture, educate,

protect and guide their offspring, and has qualified them to discharge these important duties by writing in their hearts sentiments of affection and establishing between them and their children ties which can not exist between the children and any other persons.''

A succinct statement of the parent's legal duty was made in Judge Stayton's opinion in Galveston H. & H. Ry. Co. v. Moore , 59 Texas, 68, 64 Am. Rep., 265; as follows: ''The parent is under a legal obligation to educate and maintain the child, and it has no legal claim upon others to perform that duty.''

Our statutes define a ''neglected child'' as one who has not proper parental care, and make it a misdemeanor for ''any parent'' to wilfuly or without justification neglect or refuse to provide for the support and maintenance of his or her child under the age of sixteen years in destitute or necessitous circumstances.   Art. 2184 R. S.; Chapter 101, Acts 33rd Leg., White's Penal Code, p. 1828.

The court is enjoined, in decreeing a divorce, to respect the rights of the children, in disposing of the estates of both parents.   Art. 4634 R. S.   In order to provide revenues for the maintenance of the children, the interest of each parent in the community property and the separate property of both parents may be utilized, subject alone to the statutory limitation that neither parent be divested of title to realty.   Fitts v. Fitts, 14 Texas, 454; Rice v. Rice, 21 Texas, 58.   Thus the law regards the right of minor children to maintenance as paramount to the rights of the parents to the use of any and all property belonging to them

A duty could not be more plainly defined as legal than by providing means for its enforcement in both civil and criminal courts. And, there can be no question about it resting on those against whom it is expressly made enforceable.

Though both parents are under the duty, legal as well as moral, to support and educate their children during minority, the duty rests primarily in this State, without doubt, upon the father.

The court said in Magee v. White, 23 Texas, 192: ''We are of opinion that the law imposes upon the husband the obligation to support his wife and children.   If he have separate property, and there is no common property, it cannot for a moment be pretended that his separate property cannot be charged for necessaries for the support of his family.   The law recognizes him as the head of his family. It declares that he shall support his children, because every man is under obligation to provide for those descended from his loins. Blackstone.''

The doctrine of Magee v. White is re-affirmed as settled law in Hutchinson v. Underwood, 27 Texas, 256.

The father's primary obligation was the necessary foundation of the court's declaration, by Chief Justice Hemphill, in Rice v. Rice, 21 Texas, 68, that where on divorce the minors were entrusted to the

mother, the funds for their support must be furnished by the father, but, where the minors were entrusted to the father, he was bound for their maintenance.

On no other theory than that the legal duty of the father is both primary and continuing can be upheld the settled doctrine in this State that a recovery of damages by a child, on account of the death of his father, may be sustained for the entire cost of his support until he becomes of age, though the child is in the custody of his mother, by whom he is supported, and though he has no expectation of any voluntary contribution to his support from the father. International & G. N. R. R. Co. v. Culpepper, 19 Texas Civ. App., 182, 46 S. W. 923, 925; Taylor v. San Antonio, Gas & Elec. Co., 93 S. W., 675; Gulf C. & S. F. R. Co. v. Delaney, 22 Texas Civ. App., 427, 55 S. W., 533; Gulf C. & S. F. Ry. Co. v. Anderson, 126 S. W., 930; San Antonio & A. P. v. Boyed, 201 S. W., 220.

We do not think that a decree of divorce which is either silent as to the children's custody and maintenance, or which awards their custody to the mother, relieves the father of his primary duty to support the children.

The duty to support a minor child is imposed primarily on the father in the interest of the child. The chief concern of the State is the child's welfare. It is best for the child to impose the duty in the first instance on the father because human experience demonstrates that he is best able to perform the duty. It is as much to the advantage of the child that the primary obligation of the father continue after as before the divorce. Being blameless with respect to the fault occasioning the divorce, the child certainly ought not be thereby deprived of a right of real and continuing value.

We do not feel warranted in adopting the conclusion on which Judge Levy's majority opinion largely rests, that there was no reason save the disability of the mother during coverture for making her duty to support the children secondary at common law. Other weighty reasons may be found in natural differences between the sexes and in the necessity to equalize parental burdens. Who can say that the average mother, inspired by sacrificial love, contributes less to the good of the family than the father, though he performs every parental duty, including the support of the family, duri. g the marriage, as well as the support of the children, during minority, irrespective of divorce?

The mother's obligation ought not to be made more onerous because the custody of the child is confided to her in promotion of his highest interest; and, in no other mode than is plainly indicated by explicit statutes ought important parental duties be subject to change.

The cases upholding the doctrine that a decree of divorce awarding the custody of a child to the mother shifts the duty to maintain the child from the father to the mother appear to be mainly grounded on the view that the right to the custody and services of the child and

the duty to support and educate are reciprocal, so that discharge of the duty necessarily follows deprivation of the right.

In order for this view to be sound, the father's duty to the child must rest on advantage to the father, which is the opposite of what we deem the true conception. The real design of the duty is to develop the child as perfectly as possible, physically, mentally and spiritually. It is to attain the same result that the father is deprived of the child's custody. In the eye of the law the attainment of this result justifies whatever deprivation the father must suffer.

The father's duty is all the more imperative where the child, on account of youth or affliction, renders no services. That is conclusive against the duty being grounded on material benefit to the parent instead of on the need of the child.

In Dunbar v. Dunbar, 190 U. S., 351, 47 L. Ed., 1084, 23 Sup. Co., 757, it was held that the father's common law obligation to support his children continued throughout their minority and was enforceable despite the father's discharge in bankruptcy subsequent to a decree of divorce awarding the custody of the children to their mother.

Most of the reported cases, especially the later cases, sustain the conclusion that a decree of divorce which awards the custody of the child to the mother and makes no provision for the child's support does not terminate the father's duty of maintenance. Evans v. v. Evans, 125 Tenn., 112, Ann. Cas 1913C, 295 and Note p. 296, 140 S. W., 745; Note Ann. Cas. 1915D, 813; 19 C. J., 354.

The case of Hall v. Fields, 81 Texas, 558, 17 S. W., 82, presented the question as to whether a constituent of his family survived the father so that his residence homestead was exempt from adminstration for the payment of the debts against his estate, where the father resided alone on the homestead after being divorced by a decree awarding the custody of his minor children to their mother, who thereafter held the children in her actual custody. It was determined that the minors were nevertheless constituents of the father's family, the court saying that the award of the custody of the children to the mother made no difference in their right to the exemption, for the reason that "their father was still legally bound for their support, and it would be a double misfortune to them to be deprived, on account of the unhappy termination of the marriage of their father and mother, both of their right to the society and protection of the father. . . . They have no home; they are the minor children of a father, the head of a family, who has died leaving a homestead."

It was determined in Speer v. Sykes, 102 Texas, 451, 152 Am. St., 846. 119 S. W., 86, that the residence of the father continued exempt from execution after the rendition of a decree of divorce, with award of his children to the custody of the wife. In Judge Brown's opinion, it is said: "The fact that the court awarded the custody of the minor children to the wife did not deprive Sykes of his parental interest in

them, nor did it discharge him from his legal and moral obligation to care for and support them. They were still his offspring and a part of his family.''

These cases are conclusive that the obligation of the father is not discharged by the loss of the custody of his children. As the head of the family he is primarily responsible for the children's support prior to divorce. Continuing the head of a family, of which the children remain a part, subsequent to the divorce and the loss of their custody, his primary liability continues.

In determining the duty of the husband to supply necessaries to his children, before or after divorce, it is to be borne in mind that his duty corresponds to his financial ability, having due regard to all his lawful obligations, which may include those assumed to another wife and to other children, and in no event is he liable for food, clothing, attention or education other than such as is suitable to his and their circumstances in life. Moreover, since we treat his duty as a continuing primary one, the father should not be held liable when he has actually supplied his children with their reasonable necessities. In a suit to recover the value of necessaries furnished minor children, the burden to prove that he has supplied the children with necessaries is on the father. Parsons v. Keyes, 44 Texas, 559.

Again, circumstances may exist under which the father would be entitled to be relieved of his primary obligation, just as the court has already determined that the mother may be entitled to be relieved of her obligation, on adequate equitable considerations. Freybe v. Tiernan, 76 Texas, 290, 13 S. W., 370; Rivers v. Rivers, 133 S. W., 526.

In pronouncing a decree of divorce, it is within the power of the court to make suitable provision for the maintenance of the children by means of the property of both parents. Where the court has provided for the children's support and education in the decree of divorce, such provision excludes liability therefor otherwise than as ordered by the court rendering the decree.

It is now settled that the power of the court granting a divorce to make suitable provision for the children out of the revenues of the property of the parents is a continuing one, so that complete justice may be done in the light of the varying conditions of the children and of the parents, and the court's continuing authority may be invoked to safeguard the rights of the parents as well as those of the children. Bemus v. Bemus, 63 Texas Civ. App., 148, 133 S. W., 503; Plummer v. Plummer, 154 S. W., 598.

Here the court decreeing the divorce did not undertake to provide for the support of the children save in a manner decreed to be void. As the judgment of the Court of Civil Appeals does no more than to partially enforce an obligation resting primarily on plaintiff in error

111 Tex.—16

and from which he had not been absolved, and as plaintiff in error alone complains of that judgment, it follows that the judgment should be affirmed, and it is so ordered.

*Affirmed.*