### HOOKS v. HOOKS.

### No. 3925.

Court of Civil Appeals of Texas. El Paso.
March 21, 1940.

Sidney P. Chandler, of Corpus Christi, for plaintiff in error.

LeGrand J. Woods, of Corpus Christi, for defendant in error.

WALTHALL, Justice.

Plaintiff in error brought this suit against defendant in error for divorce, for the custody of their two children, for support and maintenance of the children, to have the homestead set apart for use of plaintiff in error and the children, for attorney's fees, and general relief.

The grounds alleged for divorce are general acts of cruelty toward her, and that defendant in error threatened her with a pistol. Defendant in error filed an answer and a cross action. The case was tried without a jury, the court by decree dissolved the bonds of matrimony existing between plaintiff in error and defendant in error, adjudged that plaintiff in error recover of defendant in error an attorney's fee, stating the amount, adjudged that plaintiff in error have, until the further order of the court, the care and custody of the two minor children; that plaintiff in error have possession of and occupy the homestead until the further order of the court, together with all rents and revenues received from the home, which the evidence shows she rented at $40 per month; ordered that plaintiff in error keep the home reason-

ably insured and pay the insurance, taxes and upkeep of the home; ordered and decreed that defendant in error pay to the clerk of the court, at the times stated, the sum of $15 each month for the support of the two children, one boy two years old, and one boy six years old, the payments to continue until the boys shall have reached the age of sixteen years, or until the further order of the court; and made order as to reports to be made by plaintiff in error of the use made of such money.

As we understand from the record and from the briefs of plaintiff in error and defendant in error, no complaint is made of the decree granting the divorce or of any of the above awards made by the court. We will not therefore discuss the judgment of the court in granting the decree for divorce or making the above awards, nor in the judgment that defendant in error take nothing by his cross action.

Plaintiff in error submits that the sum of $15 per month awarded for the support of the two minor children is not a sufficient amount for that purpose; that under the facts shown as to the amount of money earned by defendant in error per month the sum of $50 per month for the support of the children should have been awarded, and that it was error not to award $50 per month.

■ The case was tried by the court without the aid of a jury. The court made no finding of fact, and in considering the issues presented here we recognize that in doing so we are acting in the capacity of a reviewing court, and that we may revise the acts of discretion of the trial court in a divorce proceeding in the event only where the record shows a clear abuse of discretion.

■ While it is the legal as well as the moral duty of both parents to support their offspring, such duty rests principally upon the father. He is not absolved nor discharged from such duty though he may be divorced from the mother, nor though such mother may have exclusive custody and control of the child. Hartman v. Chumley, Tex. Civ.App., 266 S.W. 444, 446; Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 15 A. L.R. 564.

■ The amount which the father may be required to provide in support of the child or children is measured by his financial and social status and not by the situation of the divorced wife in whose custody the children are placed. Gully v. Gully, supra; Butler v. Butler, Tex.Civ.App., 265 S.W. 415.

The record shows that the defendant in error was a peddler or salesman; that he sold from his truck practically nothing but tobacco and cigarettes.

The court, in the division of the community property (and there was no other), gave to defendant in error a 1936 model Dodge panel truck valued at $350, and whatever merchandise, if any, was in the truck. The household furniture was given to plaintiff in error and the right to occupy the home. It appeared the wife had the home rented and was realizing therefrom about the sum of $40 per month. There was some controversy in the evidence as to what was in the truck and its value. The evidence was such that the court would be reasonably justified in finding, under the circumstances shown, that there was no merchandise in the truck at that time. The evidence was such that the court would have been justified in finding that defendant in error had no established, going or fixed business; the evidence shows the defendant in error sold his goods from his truck on a three per cent commission.

The evidence sufficiently shows, we think, that at the time of the divorce defendant in error owed several hundred dollars of the community debts, and that the monthly net earnings from his business would average from $57 to $86.08.

■ Under the evidence this court would not be justified in increasing the monthly amount fixed by the trial court; especially is this true in view of the fact that this is a matter resting within the future control of the trial court. Hays v. Hays, Tex.Civ.App., 123 S.W.2d 968.

We have reviewed the assignments not discussed, and they are each overruled.

Finding no reversible error the case is affirmed.