## ANDERSON v. ANDERSON.
### No. 2650.

Court of Civil Appeals of Texas. Waco.
Oct. 18, 1945.

Rehearing Denied Nov. 8, 1945.

Carl Cannon, of Groesbeck, for appellant.

Owen F. Watkins, of Mexia, for appellee.

HALE, Justice.

This proceeding grew out of an uncontested divorce suit. It involves a controversy arising between the divorced parties over the asserted right of the former husband to discontinue further payments for the support of his minor children.

Appellant and appellee were married on January 4, 1940. Two children were born of their marriage. On September 13, 1943, the trial court rendered judgment granting a divorce to appellant, awarding to her the care and custody of the two infants, ordering appellee to pay the sum of $50 per month into the registry of the court for the support and maintenance of the children and directing the clerk to pay over such sums to appellant until further ordered.

On April 13, 1945, appellee instituted the present proceeding by filing his motion in the divorce suit as defendant therein, praying that the prior order of the court requiring him to contribute to the support of his children be set aside and that he be relieved from making any further payments under such order. As grounds for the relief thus sought he alleged in substance that the financial circumstances of the parties had materially changed since the original judgment and order was rendered in that appellant had become lawfully married to a sailor in the U. S. Navy who, under Federal laws and naval regulations, had made, or was required to make, an allotment for the support of the minors and hence no further necessity existed for appellee to contribute to their support.

Appellant answered the motion with a plea in abatement wherein she sought to have the attempted proceeding dismissed because her present husband had not been made a party thereto. She further contested the motion with a general denial and certain affirmative allegations of fact. After a hearing by the court without the aid of a jury on the issues thus joined, appellant's plea in abatement was overruled, appellee's motion was granted and judgment was rendered releasing appellee from making any further payments for the support of his children. Having duly perfected her appeal from such judgment and order to this court, appellant says the same should be reversed because the court below erred (1) in overruling her plea in abatement and (2) in granting appellee's motion.

We do not think appellant's present husband was a necessary or indispensable party to this proceeding. Appellee has not questioned the right of appellant as plaintiff in the divorce suit to contest his motion without the joinder of her second

husband. There is no showing in this record as to why the latter did not intervene in the proceeding or join appellant in the contest of the motion if such was desired by either of them. Neither is there any showing that the best interest of the minor children or any right of appellant has been or might have been in anywise prejudiced as a result thereof. Therefore, we overrule appellant's first point. Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569.

Appellant was the only witness who testified at the hearing on the motion. According to her testimony she was married on January 25, 1945 to one Billy E. Jackson, a sailor in the U. S. Navy, who has made an allotment of $50 per month to her but he has not made an allotment to either of her two children; she had not received any payment under the allotment at the time of the hearing but expected to receive the first payment under the same about June 1st; she owns no property and has no means of supporting her children except from such funds as might be furnished to her for that purpose. She also testified that appellee was earning $125 per week at the time of the hearing. Her testimony was not contradicted.

It appears to be well settled in this state that the legal duty rests primarily upon the father to make reasonable provision for the support, education and maintenance of his minor children and this duty persists even though in a divorce suit the care and custody of such children be taken from him and awarded to the mother. Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564; Smith v. Blanton, Tex.Civ. App., 240 S.W. 651; Hooten v. Hooten, Tex.Civ.App., 15 S.W.2d 141; Hooks v. Hooks, Tex.Civ.App., 139 S.W.2d 305; Belstrom v. Belstrom, Tex.Civ.App., 144 S.W.2d 614, error dismissed.

In our opinion, the mere fact that appellant has remarried since being divorced from her former husband and that her present husband has made an allotment to her of $50 per month by reason of his service as a sailor in the U. S. Navy does not in law constitute sufficient grounds to relieve appellee from any and all legal responsibility for the support and maintenance of his own offspring. Hence, under the record before us, we have concluded that the trial court erred in granting appellee's motion and in rendering the judgment here complained of.

Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.