Rankert v. Clow.

## PAUL RANKERT v. ROBERT J. CLOW.

Where the defendant in a suit on a note secured by mortgage, with a prayer for foreclosure, failed to make affidavit that he had a just defence, but pleaded payment and in reconvention, not sworn to, and there was a trial, and new trial granted, and at the next Term the plaintiff moved to strike out the defendant's answer, on the ground that it was not sworn to and there was no affidavit by the defendant of a just defence, which motion was sustained, the judgment was reversed on the ground that the plaintiff, by going to trial at the former Term, waived the objection to the answer.

It certainly admits of a question whether the Act of February, 5th, 1840, to amend an Act to provide for the foreclosing of mortgages on real and personal estate, (Hart. Dig., p. 767,) in so far as the same requires the defendant to make an affidavit of a just defence, applies where the defence is a plea in reconvention.

It is questionable whether the Act of 1846, (Hart. Dig., Art. 773,) does not so far modify and change the Act of 1840, respecting the foreclosure of mortgages, (Art. 2505,) as to dispense with the affidavit of a just defence.

The plaintiff in a suit to foreclose a mortgage which contains a clause to the effect that the mortgagee shall take possession and apply the rents to the discharge of the indebtedness, is not entitled to judgment without accounting or offering to account, for the rents, although an answer be not filed, or if filed, is struck out. But, &c.

It is too well settled to admit of question, that objections to a judgment, which go to the foundation of the action, will be considered, though not assigned as error.

Error from Calhoun. Suit by the defendant in error against

the plaintiff in error, commenced February 14th, 1854, on two promissory notes secured by mortgages on certain lots in the town of Lavaca. The mortgages were made part of the petition, and contained a clause as follows:

And for the purpose of advancing the payment of the debt aforesaid, the said R. J. Clow is hereby authorized to take possession of said property on the first day of November next, (1852,) and rent the same at monthly rents, and collect the same and apply the same, after deducting all reasonable expenses, to the extinguishment of the debt aforesaid.

Service by publication. The defendant pleaded payment, and pleaded, also the rents received, in reconvention. Trial at Spring Term, 1855, and verdict for the defendant for $183. New trial granted. Fall Term, 1855, motion to strike out defendant's answer because not sworn to, and because defendant had not made affidavit that he had a just defence. The case being called, the motion to strike out was sustained, whereupon came a jury, &c. Verdict for the plaintiff for $671 72. Judgment accordingly and decree for sale.

Motion for new trial overruled. There was no assignment of error to the point that the petition was defective for want of an account or offer to account for the rents of the mortgaged premises.

*Seawell & Baldwin*, for plaintiff in error.

*Cunningham* and *Holt*, for defendant in error.

WHEELER, J. In the case of Williams v. Bailes, (9 Tex. R. 61,) where a plea impeaching the consideration of a note under seal, was not supported by affidavit, as the statute requires, it was held, that the plaintiff, having gone to trial upon the plea without objection on account of the want of an affidavit of its truth, must be deemed to have waived the objec-

tion, and that the plea could not be treated as a nullity for the want of the affidavit. The principle of that decision is equally applicable to the present case. The plaintiff went to trial upon the plea of payment and in reconvention ; and it was not until after there had been a verdict for the defendant, upon the merits of the plea, and a new trial awarded on account of a ruling of the Court upon the admissibility of evidence, that.the objection was taken to the plea, for the want of an affidavit. By going to trial upon the plea, we are of opinion the plaintiff ought to be held to have waived the objection. It was not of a character to entitle it to favor.

It certainly admits of a question whether the statute contemplated, or ought to be held to apply to a case where the defendant pleads in reconvention. Though the defendant had omitted to plead to the action, it cannot be doubted that he could have brought his action to recover of the present plaintiff the moneys the latter had received to his use. It would be a singular anomaly in our practice, if a defendant should be required to make affidavit of the justice of his defence, before he could be permitted to plead to an action instituted against him, matter, which he could assert by a cross action, and, of course, without affidavit.

It is questionable, whether the Act of 1846 (Dig. Art. 773) does not so far modify and change the Act of 1840 respecting the foreclosure of mortgages, (Art. 2505,) as to dispense with the affidavit, and entitle the defendant to his defences and trial in this, as in other cases ; for at present the judgment, and, consequently, the trial, is not limited to a mere foreclosure, but the plaintiff has his money .judgment also, upon which execution may issue to be levied upon property other than that included in the mortgage.

Whatever may be the 'proper construction of the statute, considered in connection with other statutes *in pari materia*, it is certain that it does not require the Court to give judgment for the plaintiff for a greater amount than appears to be due

him. Yet such was the case in the present instance. It appears by the mortgages, which the plaintiff exhibits, and of which he seeks the foreclosure, that he was authorized to receive, and apply, in satisfaction of the debt, the rents and profits of the mortgaged premises. The presumption is that he has received the moneys so due the defendant, yet he has not accounted, nor offered to account for the moneys received ; but by the judgment of the Court he has recovered the full amount of debt and interest which the mortgages were given to secure. Upon the most obvious principles of equity and justice he ought to be required to account, or to repel the presumption of his liability to account, before a decree of foreclosure is rendered in his favor, though no plea or defence had been interposed ; especially, where, as in this case, the defendant is an absentee. Until he does so he does not appear to have a right of action. It was incumbent on him to present, by averment and proof, a state of case which would entitle him to the decree which he sought. But this he has not done ; for upon the case presented by the petition, *prima facie*, he is not entitled to a decree without accounting for rents and profits. The statute does not require, and there is no principle of equity which will sanction, or tolerate, an injustice so flagrant, as that which would result, if a mortgagee were permitted to recover the full amount of money which the mortgage was given to secure, and to have a forced sale of the property for its payment, and if insufficient, an execution against other property of the mortgagor, when the plaintiff appeared to have received the rents and profits of the mortgaged premises, for which he had not accounted. Such a determination would be plainly violative of a first principle and maxim, by which Courts of Equity are governed in administering relief, that *he who seeks equity must do equity.* It cannot receive the sanction of a Court, which is bound to administer the equity, as well as the law, of every case which it adjudicates. If, therefore, we were of opinion that the Court ruled rightly

upon the exceptions to the plea, still the judgment must have been reversed, for the reason, that, upon the case made by the plaintiff's petition, it does not appear that he was entitled to the judgment rendered in his favor.

It is too well settled to admit of question, that objections to a judgment, which go to the merits and foundation of the action, will be considered, though not assigned as error ; and that a judgment cannot be permitted to stand, which upon the plaintiff's case, as presented by his petition, appears not to be well founded in justice and in law.

But we are of opinion that the Court erred in sustaining the exceptions to the answer ; for which the judgment must be reversed and the cause remanded.

Reversed and remanded.