## WILLIAMS v. WILLIAMS et ux.

### No. 4259.

Court of Civil Appeals of Texas.

Oct. 19, 1944.

W. J. Baldwin, of Beaumont, for appellant.

Richardson & Lanier, of Jasper, for appellees.

MURRAY, Justice.

The appellant, Victoria Williams, obtained a decree of divorce from her husband in the Criminal District Court of Jefferson County, Texas, December 7, 1942. By the terms of the divorce decree, she was awarded custody of her two minor children. At the time of the entry of such decree the two children were not in her actual custody but were living with their paternal grandparents, the appellees, in Jasper County, Texas. The appellant, by application for a writ of habeas corpus in Jefferson County, sought to secure the actual custody of the children from their grandparents in a proceeding filed December 16, 1942. The appellees filed their plea of privilege to be sued in the county of their residence and after a hearing upon the plea and the controverting affidavit filed thereto, the plea of privilege was sustained and the cause was transferred to the district court of Jasper County, Texas.

The cause was heard before the judge of that court without the intervention of a jury. The appellees pleaded that the appellant was not a fit and proper person to have the custody of the two minor children and that they, the grandparents, were proper persons and were able and willing to give the children a home and rear them properly. The court rendered its judgment denying the application of the appellant for custody of the children and gave the custody of the children to their grandparents, the appellees herein. The appellees filed a trial amendment, asking for an order of the court requiring the appellant to make weekly contributions to the appellees in the sum of $10 per week for the upkeep and maintenance of the two children. The application of the appellees prayed that the judgment of the court giving them the custody of the children be supplemented by such order directing the appellant to make such contributions. This was done by an order duly entered. The appellant duly perfected her appeal from the judgment of the court.

Appellant contends that, since she had filed her suit for the actual custody of her two minor children, which custody had been awarded her in the divorce decree of the Jefferson County district court, before the appellees could maintain any defense thereto they would be required to plead and prove some change in the circumstances of the parties since the entry of the divorce decree awarding her the custody of her children; that no such pleading or proof was brought forward by the appellees, and that the court erred in not granting her the custody of her children. She also contends that that por-

tion of the court's judgment ordering her to make payments to the appellees for the support of her children was without authority of the statute, and that the court hearing the divorce action and granting the divorce decree is the only court which had jurisdiction to enter or change any order for the support of such minor children.

We are unable to agree with the first contention of the appellant. The appellees were not parties to the divorce case between the appellant and her husband in Jefferson County, and were not bound by such judgment. When the controversy arose between her and the appellees over the custody of her children, who were then in Jasper County, the district court of Jasper County was the proper forum in which that controversy should be decided. Upon their pleading that the appellant was not a fit and proper person to have the custody of the children and that they, the appellees, were proper persons to have such custody, the issue was joined on that question, and the trial court was the trier of the facts upon that issue. The evidence in the record, while conflicting, is sufficient to support the judgment of the trial court awarding custody of the children to their grandparents, the appellees.

The contention of the appellant that the district court of Jasper County was without jurisdiction to alter the judgment of the district court of Jefferson County in regard to payments for the support of said minor children is sustained. Vernon's Ann.Civ.Stat., Article 4639a is the only authority for the judgment of the court requiring payments by either parent for the benefit of children whose custody has been awarded in a divorce decree. We find no authority in the statute, or elsewhere, for the action of any court other than the court which entered the original divorce decree to make any change in the orders for support of the minor children involved in such a divorce action. See discussion in Wilson v. Underhill, Tex.Civ. App., 131 S.W.2d 19; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016.

The judgment of the trial court awarding custody of the minor children to the appellees is affirmed, and that portion of the judgment ordering appellant to pay $10 per week to the appellees for the support of her minor children is reversed and judgment rendered for the appellant.