## McAFEE v. McAFEE.
### No. 14525.

Court of Civil Appeals of Texas. Dallas.
June 27, 1952.

Rehearing Denied July 25, 1952.

J. Manuel Hoppenstein, of Dallas, for appellant.

Burt Barr, of Dallas, for appellee.

YOUNG, Justice.

The appeal is from an order reducing the support awarded Dianne Hope McAfee, a minor, of $160 per month in decree of divorce dated July 28, 1949; the reduction to $100 per month being consequent upon motion heard and granted in part on December 5, 1951.

Along with the prior judgment of divorce, a property settlement had been consummated and approved by the court, wherein permanent custody of the child was awarded appellant mother; McAfee (defendant) contracting to pay toward its support until 21 years of age the sum of $160 per month. The divorce decree, however, contained independent findings in award of custody to Mrs. McAfee; the $160 monthly payments being in connection with the recital that defendant was well able to contribute such sum, which should continue "subject to the further orders of this court."

The order for reduction of child support here complained of followed testimony of both parties; the court finding that since the 1949 judgment, defendant's income had been substantially reduced "and that he is unable to pay the sum of money heretofore ordered"; finding $100 per month to be a reasonable amount to continue in semi-monthly installments until "further ordered by the court."

Appellee's motion to dismiss cause for want of jurisdiction, timely filed, must be first disposed of, and upon consideration is sustained. The order on its face is interlocutory, and necessarily so, under Vernon's Ann.Civ.St. art. 4639a, empowering the divorce court to alter or change its judgment relative to child support "as the facts and circumstances and justice may require, * * *"; and such an order, until otherwise provided by Texas Rules of Civil Procedure, is not appealable. Berg v. Berg, Tex.Civ.App., 232 S.W.2d 783; 3-A Tex.Jur., p. 115. Appellant cites Brady v. Hyman, Tex.Civ. App., 230 S.W.2d 342, in support of argument to the contrary, but there the appeal was from an amended *decree of divorce* wherein the prior contractual provision relative to child support was substantially modified. Here the support provision of the 1949 judgment was independent of the contract and clearly referable to Art. 4639a; any order for support pursuant to same being subject to alteration or change as the facts and circumstances may require. The order of reduction in question did not purport to interfere with said prior contractual obligation; for, as stated in the Brady-Hyman appeal, child support provisions of a judgment, when based on contract, are not subject to change in absence of fraud, mistake, or consent of the parties. However, for greater clarity, the order in question should have recited that appellee's contractual obligations in matter of child support were not to be affected thereby.

Even if jurisdiction of this order be assumed, we would be required to sustain it. Amount of support in these cases is always dependent, not only upon needs of the child, but upon ability of the parents to contribute; and here the father has testified to a substantial reduction in income. He has remarried, which is of course his right. And we are not unmindful, in these inflationary times, of the mounting expense incident to proper rearing of an eleven-year-old girl. But amount of support under the statute turns upon the varying financial circumstances of the responsible parent;

and considering the wide latitude of discretion vested in the divorce court, as regards the enforcement of Art. 4639a, we would be duty bound to affirm the instant order of reduction. "In determining the duty of the husband to supply necessaries to his children, before or after divorce, it is to be borne in mind that his duty corresponds to his financial ability, having due regard to all his lawful obligations, which may include those assumed to another wife and to other children, and in no event is he liable for food, clothing, attention, or education other than such as is suitable to his and their circumstances in life." Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 100, 15 A.L.R. 564.

On grounds heretofore stated, however, the appeal is dismissed for want of jurisdiction.