MILLICENT ANN MCAFEE v. JOHN M. MCAFEE.

No. A-3819. Decided February 4, 1953.
Rehearing overruled March 4, 1953.
(255 S. W. 2d Series 185)

*J. Manuel Hoppenstein,* of Dallas, for petitioner.

*Burt Barr,* of Dallas, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

On July 28th, 1949, a judgment was rendered and entered in a cause numbered and styled 33947—Millicent Ann McAfee v. John M. McAfee, District Court, Dallas County, Texas, dissolving the bonds of matrimony between petitioner and respondent, and awarding the care and custody of their minor child, Dionne Hope McAfee, to petitioner. The judgment further ordered, adjudged and decreed that respondent pay to petitioner the sum of $160.00 per month for the support of said child, "or until further ordered by the court and subject to the further orders of this court."

On August 24, 1951, respondent filed a motion in the same case alleging that conditions had materially changed, in that, his income had been substantially reduced, and that the sum of $40.00 per week was more than sufficient to support the minor child. The petitioner filed her answer, and on the 5th day of December, 1951, the court, without the aid of a jury, after hearing the pleadings, evidence and argument of counsel, entered its judgment reducing the sum for the support of the child to $100.00 per month.

Petitioner perfected her appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas. That court sustained the motion of respondent to dismiss the appeal, holding that the judgment entered on December 5, 1951, was interlocutory, "and necessarily so, under Article 4639a, * * * is not appealable." 250 S.W. 2d 310. This Court has granted a writ of error.

Article 4639a reads as follows:

"Section 1. Each petition for divorce shall set out the name, age, sex and residence of each child under sixteen (16) years of age born of the marriage sought to be dissolved, if any such child or children there be; and if there be no such child or children, then the petition shall so state. No Court having jurisdiction of suits for divorce shall hear and determine any such suit for divorce unless such information is set out in such petition or in each cause of action for divorce. Upon the trial of any such cause, and in the event a divorce is granted by the Court, if there

are such minor children, it shall be the duty of such trial Court to inquire into the surroundings and circumstances of each such child or children, and such Court shall have full power and authority to inquire into and ascertain the financial circumstances of the parents of such child or children, and of their ability to contribute to the support of same, and such Court shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same; and said Court may by judgment order either parent to make periodical payments for the benefit of such child or children, until same have reached the age of sixteen (16) years, or, said Court may enter a judgment in a fixed amount for the support of such child or children, and such Court shall have full power and authority to enforce said judgments by Civil Contempt proceedings after ten (10) days notice to such parent of his or her failure or refusal to carry out the terms thereof, and for the purpose of ascertaining the ability of the parents of such child or children to contribute to the support of same, they may be compelled to testify fully in regard thereto, under penalty of contempt of Court, as in other cases. Said Court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent.

\* \* \* \* \*

"Section 2. This Act shall be cumulative of all other laws upon the same subject, and is not intended to repeal any other law upon the subject of the care or support of such minors. Acts 1935, 44th Leg., p. 111, ch. 39." Vernon's Annotated Civil Statutes, Vol. 13, Art. 4639a, Secs 1 and 2.

Respondent contends that the provisions in the statute giving the Court the power and authority to "alter or change such judgments" renders the judgment entered not final, and, therefore, not appealable. With this contention we cannot agree.

The order involved here is a complete and final judgment in a civil case rendered and entered after a full hearing on the merits, and cannot be classed as interlocutory. The District Court of Dallas County had jurisdiction, and the Court of Civil Appeals had appellate jurisdiction under such restrictions and regulations as may be prescribed by law. Constitution, Art. 5, § 6; Lawler v. Wray, 8 S.W. 2d 524.

This was a divorce suit originally between petitioner as plain-

tiff and respondent as defendant. The pleadings in the case presented the issue of divorce, custody of the minor child, and the issue of support for said child. The issues thus raised are severable, and the fact that the petitioner was granted a divorce which became final does not preclude the parties from the right of further litigation of the issues of child custody and child support. Article 4639a does not say and it was not intended by the Legislature to say that a formal party to a suit wherein these issues were involved would be compelled to accept the judgment of the trial court as final and, thereby be deprived of his right of appeal to the Court of Civil Appeals. The pleadings and the evidence presented a new cause of action and either party to this litigation had the absolute right to have the case reviewed by the Court of Civil Appeals just as in any other civil case. McLemore v. McLemore (Tex. Civ. App.), 285 S.W. 693; Burckhalter v. Conyer (Texas Com. App.) 285 S.W. 606.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court.

Opinion delivered February 4, 1953.

Rehearing overruled March 4, 1953.