E. L. MARKHAM, Jr., Appellant,

v.

Dorothy MARKHAM, Appellee.

No. 3440.

Court of Civil Appeals of Texas.

Waco.

March 21, 1957.

Curtis E. Hill, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin, W. M. Taylor, Jr., Dallas, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment of the Trial Court, refusing to suspend child support payments during a six week period, in which the children remained with the father.

Dorothy Markham was granted a decree of divorce from E. L. Markham, Jr., by the District Court of Dallas County on 8 March 1956. The parties had previously entered into an agreement relative to the division of their property and custody and control of their three children. The parties' agreement concerning custody and support payments was as follows:

"It is understood and agreed that Dorothy Markham shall have the custody and control of the three minor children * * *, and that E. L. Markham, Jr., shall have the right to visit said minor children at reasonable times and upon reasonable notice, and that E. L. Markham, Jr., shall have the custody of the said minor children for

six weeks during the summer months * * *".

"E. L. Markham. Jr., further agrees to pay for the support and maintenance of the said children the sum of $125 per month for each of the said children until each respective child shall reach the age of 18 years. The said child support payments shall be made to the Child Support Division of the Juvenile Department of Dallas County * * * for transmission to Dorothy Markham * * *."

The judgment of the court granting the divorce (and based on the parties' agreement) provided:

"It is ordered, adjudged and decreed by the court that the present care, custody and control of all of said children shall be granted to the plaintiff, Dorothy Markham.

"It is further ordered, adjudged and decreed that the defendant E. L. Markham, Jr., shall have the right of visitation of said minor children at reasonable times, and upon reasonable notice, and shall have custody of the said children for six weeks during the summer months after school is out in the spring and before school shall start in the fall * * *."

"It is therefore ordered, adjudged and decreed that the said defendant, E. L. Markham, Jr., pay to the Juvenile Department (Child Support Division) of Dallas County * * * on the 12 day of March 1956, and on the 12 day of each month thereafter, the following sums: $125 for the support of Patrea Lee Markham * * *; $125 for the support of E. L. Markham III * *; and $125 for the support of Mitchell Keith Markham * * *."

Thereafter E. L. Markham, Jr., filed a motion for order authorizing suspension of the child support payments during the six weeks when the minor children are visiting with, and being kept, maintained and supported by him. After hearing, the Trial Court entered an order denying such motion, and E. L. Markham, Jr., appeals to this court for review and correction, contending:

1) The Trial Court erred in denying his motion for suspension of payments for child support during the six weeks when the minors are in his care and custody.

2) A reasonable and equitable construction of the language of the agreement and the court's judgment compels a conclusion that the parties intended E. L. Markham, Jr., should not pay child support during the six week period that the children were with him.

There is no Statement of Facts before the court in this matter, nor any showing whatsoever of fraud, mistake, or consent of the parties to a different arrangement than agreed to by the parties and ordered by the court. We therefore hold that the court correctly denied E. L. Markham, Jr.'s motion for suspension of child support payments during the six week period. See Brady v. Hyman, Tex.Civ.App., 230 S.W.2d 342; McAfee v. McAfee, Tex.Civ.App., 250 S.W.2d 310; 152 Tex. 156, 255 S.W.2d 185.

E. L. Markham, Jr., further contends that a reasonable and equitable construction of the language of the agreement, and of the court's judgment compels a conclusion that the parties intended that he should not pay child support during the six week period that the children were with him. Applicable portions of both the agreement of the parties and the court's judgment are set out supra, and from a careful reading of same we conclude that Markham's contention cannot be sustained. Markham agreed * * *

"to pay for the support and maintenance of the said children the sum of $125 per month for each of the said children until each child shall reach the age of 18 years * * *."

The court's judgment decreed:

"* * * Markham pay to the Juvenile Department * * * *on the 12 day of March 1956, and on the 12 day of each month thereafter,* the following sums: * * *"

To us, both the agreement of the parties, and the judgment of the Trial Court compel to a conclusion that the parties and the Trial Court intended that Markham pay his child support payments each month of the year—including the six weeks during which the children were to be with him.

It follows that the judgment of the Trial Court is affirmed.