Emma K. BLUNK, Appellant,

v.

Frank C. IVENS, Appellee.

No. 13531.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 2, 1959.

Rehearing Denied Dec. 23, 1959.

J. Kenneth Brewer, San Antonio, for appellant.

V. F. Taylor, Austin, for appellee.

BARROW, Justice.

This is an appeal from a judgment rendered in a proceeding filed in Cause No. F–104,795, styled Emma K. Ivens v. Frank C. Ivens, in the 73rd District Court of Bexar County, Texas. In the original suit a divorce was granted the parties and appellee, Frank C. Ivens, was ordered to pay to appellant the sum of $100 per month for the support of their minor child, Kathy

Ivens. This proceeding was filed by appellee, Frank C. Ivens, on April 29, 1959, in the court in which the original judgment had been rendered. On May 14, 1959, the 73rd District Court of Bexar County made and entered an order reducing the monthly payments from $100 to $70 per month. Emma K. Ivens, now Emma K. Blunk, has appealed from that judgment.

By her first point, appellant contends that the court erred in forcing her to submit to a hearing on appellee's motion only six days after having been served with notice of same.

Notice was issued on May 1, 1959, and was served on appellant on May 8, 1959. It directed her to appear at 9:30 A. M. on May 14, 1959. The record further shows that appellant apeared in the courtroom at that time and filed a plea which is denominated a plea to the jurisdiction, in which she urged the proposition that she could not be forced to trial on six days' notice. She also filed a plea setting up her marriage since the former judgment, and urging that her husband is a necessary party. She made no appearance for trial at that time. She called the court's attention to the date of service in the case, and protested vigorously to being forced to trial at that time; notwithstanding, the court called the case and, over her objection, proceeded to hear the motion. We think this action was error, requiring a reversal of the judgment.

Article 4639a, Vernon's Ann.Civ. Stats., after authorizing the court, in a divorce proceeding, to make orders for the custody and support of children of such marriage under eighteen years of age, provides as follows:

"* * * and such Court shall have full power and authority to enforce said judgments by Civil Contempt proceedings *after ten (10) days notice to such parent* of his or her failure or refusal to carry out the terms thereof, and for the purpose of ascertaining the ability of the parents of such child or children to contribute to the support of same, they may be compelled to testify fully in regard thereto, under penalty of contempt of Court, as in other cases. Said Court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, *upon notice to such parent as above provided for,* or with his or her consent." (Emphasis added.)

We have been unable to find any authority directly construing the above provision, however, we think it should be construed in the same way as a citation in ordinary civil proceedings. In Gulf Refining Co. v. Needham, Tex.Civ.App., 233 S.W.2d 919, 923, the Court said:

"Under the laws and court rules of this state, a defendant is not required to answer and no judgment may be taken against him before issuance, service and return of citation for the time and in the manner provided, or until he has entered actual or constructive appearance. Rules 101, 106, 107 and 119 to 124 inclusive."

The record does not reflect any action on the part of appellant that would constitute a waiver of her right to full and complete notice, as required by statute, nor does the record show that she consented to such order.

By appellant's second point she contends that it was error for the 73rd District Court to hear the motion for reduced support payments, for the reason that she was ordered in writing to appear in the 131st District Court. This contention is overruled.

The original judgment in the divorce case between appellant and appellee was rendered by and in the 73rd District Court of Bexar County. The motion for the reduction of support payments was filed in the 73rd District Court. The order setting the motion for hearing was made by

the Judge of the 73rd District Court, as judge of said court, and reads as follows:

"Came on to be heard and considered the above and foregoing application and motion and the court finds it should be and it is Ordered to be heard by this court on the 14th day of May, A. D., 1959, at 9:30 A. M. in the 131st District Court."

While we think the order is somewhat confusing, nevertheless, the proceeding finally arrived at the right court which had jurisdiction to hear the motion.

The rules for hearing and determining matters of changes of custody of children and changes in orders for the support of children subsequent to the original divorce judgment have been well settled and need no further discussion. Ex parte Goldsmith, 155 Tex. 605, 290 S.W.2d 502; Ex parte Webb, 153 Tex. 234, 266 S.W.2d 855; McAfee v. McAfee, 152 Tex. 156, 255 S. W.2d 185; Wilson v. Wilson, 137 Tex. 528, 155 S.W.2d 601; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Yeagle v. Bull, Tex.Civ.App., 235 S.W.2d 226; Williams v. Williams, Tex.Civ.App., 183 S.W. 2d 260.

We think it is also well settled that in any county having two or more district courts having civil jurisdiction, any judge of any such court may sit as judge of any other such court and hear and determine any case pending therein or the case may be by order transferred to another such court. Authorities supra.

In this appeal, appellant directs no point complaining of the court's failure to require that her present husband, Wilbur G. Blunk, be made a party to this proceeding, however, in view of another trial, we observe that it is settled that in a case of this kind the former judgment granting the divorce, insofar as support payments are concerned, is not a final judgment, and this proceeding is but a continuation of the original suit between the same parties. Appellant's present husband is not a neces-

sary party. Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83; Rhoades v. Fredwell, Tex.Civ.App., 192 S.W.2d 295; Anderson v. Anderson, Tex.Civ.App., 190 S.W.2d 141.

The judgment is reversed and the cause remanded.