### EX PARTE E. R. WEBB

No. A-4520. Decided March 31, 1954.
(266 S.W. 2d Series 855)

*Robert A. Sone,* of Corpus Christi, for relator.

No brief for respondent.

MR. JUSTICE CULVER delivered the opinion of the Court.

Relator Webb applies for the issuance of a writ of habeas corpus to be relieved of an order of the Criminal District Court of Jefferson County adjudging him in contempt for failure to make child support payments as directed by that court.

In 1948 the 113th District Court of Harris County entered a decree granting petitioner a divorce and awarding custody of a minor child to the parents jointly, ordering each to contribute equally toward the support of the child. In April 1953 the mother filed suit in the Criminal District Court of Jefferson County praying that she be awarded full custody of the child. Judgment was accordingly entered granting the mother's prayer for full custody and ordering petitioner to pay the sum of $50.00 per month for the support of the child.

Contempt proceedings having been instituted in the Criminal District Court of Jefferson County against petitioner, he was adjudged in contempt by that court for failure to pay and was ordered held in jail until he paid the amount accrued.

The point raised here is whether the Criminal District Court of Jefferson County has jurisdiction to change or modify the order made by the Harris County District Court or is such power vested exclusively in the District Court which granted the divorce and originally entered the support order.

■ Article 4639a, Vernon's Annotated Statutes, enacted in 1935 and later amended, has been construed to give to the court which granted the divorce the exclusive and continuing right to modify, increase or diminish the amount of child support as circumstances require. The Court of Civil Appeals has so held in passing upon the exact question. Yeagle v. Bull, 235 S.W. 2d 226; Williams v. Williams, 183 S.W. 2d 260. We are aware of no decision to the contrary. Impliedly, at least, this court has heretofore reached the same conclusion. The article of the statute cited above is the only authority for enforcing child support payments by summary contempt proceedings. The statute has been clearly and frequently held to mean that once divorce has been granted and child custody awarded, the judgment is final in that respect, and any reopening or application to change or modify the custody is a new and independent action and controlled by the general rules of venue. On the other hand it seems to be equally well settled that the court granting the divorce has a continuing jurisdiction to modify and change the order in so far as the amount of the support is concerned. It is held that the last sentence in Sec. 1, Art. 4639a reading "Said court shall have power

and authority to alter or change such judgments or suspend the same as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent," does not refer to the judgment awarding custody but only to support. McAfee v. McAfee, 152 Texas 156, 255 S.W. 2d 185; Wilson v. Wilson, 137 Texas 528, 155 S.W. 2d 601; Lakey v. McCarroll, 134 Texas 191, 134 S.W. 2d 1016.

■ In some cases a hardship results as resort needs be had to two courts where one could very well pass upon both custody and support in one action, nevertheless the remedy, if available, lies wholly within the province of the Legislature. It will be borne in mind that considerable difficulty arises in the effort to enact measures which will always produce the desired result and not at the same time work to the disadvantage of one or more of the parties. Even the venue question as affecting custody presents occasionally a most perplexing problem. Knollhoff et ux v. Norris, 152 Texas 231, 256 S.W. 2d 79. Were the Legislature to enact a statute giving to the court jurisdiction of the support matter where it rightfully has before it the custody problem, inconveniences and disadvantage might be entailed upon the individual cited on the former phase. At any rate under the statute now in force the only recourse for the modification of the child support order lies in the court originally granting the divorce.

We therefore hold that the Criminal District Court of Jefferson County was without jurisdiction to enter an order modifying the child support order theretofore rendered by the District Court of Harris County and equally so was without authority to punish petitioner for failure to comply with this invalid order. The application for the writ of habeas corpus is granted and relator stands discharged.

Opinion delivered March 31, 1954.