**Natalee B. KOLB, Appellant,**

v.

**Robert M. KOLB, Appellee.**

No. 17753.

Court of Civil Appeals of Texas, Dallas.

March 16, 1972.

R. Lewis Nicholson, Dallas, for appellant.

Jim Law, McKool, McKool, Jones, Shoemaker & Turley, Dallas, for appellee.

BATEMAN, Justice.

The only question here is: Which of the parties is entitled to claim their two children as dependents for income tax purposes? The parties were divorced by decree dated January 4, 1966. The original judgment, after reciting that their community property had been divided by agreement, in five separate numbered paragraphs decreed: (1) that Robert M. Kolb (appellee) be granted a divorce; (2) that custody of the children be given to Natalee B. Kolb (appellant) for nine months, and to appellee for three months, each year; (3) that appellee pay $150 per month per child for their support during the nine months each year they were in custody of appellant and $75 per month per child during the time they were with him; (4) that "the court further finds that the parties hereto have agreed that the plaintiff, ROBERT M. KOLB, shall claim for the purpose of income tax deductions, the aforesaid two children as dependents and the defendant shall not, and that the parties have agreed to file a joint income tax return for the year 1965"; (5) that they file such joint return for 1965 "and that thereafter plaintiff [appellee] is awarded the right to claim the two children as income tax dependents."

On June 2, 1969 the child support payments were decreased by order of the court, and on March 2, 1971 appellee filed another motion to reduce them. Appellant answered and asked the court, because of material change in "the circumstances of the parties," to award to her the right to claim either or both of said children as dependents for income tax purposes. The trial court further reduced the child support payments and denied appellant's said claim, holding that it was "without jurisdiction to alter or modify this portion of the judgment because it is not a part of the original child support order." It is only of this latter part of the judgment that appellant complains on appeal.

The federal income tax laws * recognize the right of divorced parents to determine by agreement, or of the court granting the divorce to decree, that a parent not having custody shall be entitled to the deductions if he provides at least $600 for the support of each such child during the year, or if he provides $1,200 or more for the support of all the children during the year and the parent having custody does not prove that he or she provided more for such support than the parent not having custody.

Here the divorce decree itself, reciting the agreement that appellee should have the right to claim the deductions, was signed and agreed to by the parties, and it is not disputed that appellee provided more than $1,200 for the children's support each year, and appellant does not contend that she provided more than he did. Therefore, the agreement is in compliance with the rules of the taxing authority and is enforceable until and unless changed by proper court order or abrogated by agreement of the contracting parties. The only question, then, is whether the trial court erred in refusing to consider appellant's plea for a change in this part of the judgment for lack of jurisdiction or power to do so.

We think the judgment should be affirmed. Vernon's Tex.Rev.Civ.Stat.Ann., art. 4639a, gives the trial court in a divorce suit continuing jurisdiction to alter or change its judgments as to support of children "as the facts and circumstances and justice may require," but contains no

* 26 U.S.C.A. § 152(e) (2).

authority to make the change requested by appellant.

Appellant does not contend that her said agreement that appellee should claim the children as dependents, or that part of the decree based upon such agreement, are subject to modification, alteration or cancellation because of fraud, accident or mistake; her only claim is that she is entitled to the relief because of changed conditions. Contracting parties have no such right under the general law, or at all unless specifically and clearly given to them by a valid statute.

■ Appellant argues that although article 4639a, V.A.C.S., does not even mention the right of either parent to claim children as dependents for federal income tax purposes, such right is so intimately related to the matter of child support that it should be treated in the same manner so far as continuing jurisdiction is concerned. We do not agree. We are dealing here with a contract which has been made a part of the judgment and which, in the absence of fraud, accident or mistake, is enforceable and not subject to alteration, modification or cancellation merely because conditions or circumstances have changed. Brady v. Hyman, 230 S.W.2d 342 (Tex. Civ.App., San Antonio 1950, no writ); Plumly v. Plumly, 210 S.W.2d 177 (Tex. Civ.App., San Antonio 1948, writ dism'd); Markham v. Markham, 300 S.W.2d 370 (Tex.Civ.App., Waco 1957, no writ); Morris v. Morris, 406 S.W.2d 550 (Tex.Civ. App., Amarillo 1966, no writ); Akin v. Akin, 417 S.W.2d 882, 885 (Tex.Civ.App., Austin 1967, no writ).

■ Those cases in effect hold that the terms of a contract between the parents of a child, providing that one of them shall pay the other a certain sum for support of the child, are enforceable as between the parties, in the absence of fraud, accident or mistake, and that the incorporation thereof into a consent judgment does not destroy or weaken the effect of such a contract. It is true that article 4639a, V. A.C.S., gives the trial court continuing jurisdiction and power, upon proper notice, to increase or decrease the amount of child support, as the facts and circumstances and justice may require, which order will be enforceable by contempt proceedings, but this does not set aside or modify the contract, which may be enforceable by the usual legal processes of suit, notice, judgment and execution. Such a contract can be cancelled only by consent of the parties.

■ Moreover, neither article 4639a nor any other statute authorizes or empowers the court to modify its original judgment of divorce in any respect other than in the field of custody of children and provisions for their support. The law does not give the court power to modify that part of its judgment based on the agreement of the parties that one of them shall have the exclusive right to claim the child or children as dependents for income tax purposes. And we know of no reason for such paternal protection of contracting parties in such a matter, for the right of one parent or the other to claim such an exemption is an advantage to the parent, not to the child. Therefore, we fail to see how this matter can be said to be so intimately related to the consideration of child support as to bring it under the same statutory provision for continuing jurisdiction. In our opinion the original judgment of 1966 is *res judicata* of the question.

We see no reversible error in the judgment and overrule all of appellant's points of error.

Affirmed.