Gary HOLLIS, Appellant,

v.

Phoebe Proctor HOLLIS, Appellee.

No. 8433.

Court of Civil Appeals of Texas,
Amarillo.

March 25, 1974.

Rehearing Denied April 22, 1974.

Garner, Boulter, Jesko & Purdom (Thomas J. Purdom), Lubbock, for appellant.

Dudley K. Brummett, Robert F. Proctor, Lubbock, for appellee.

REYNOLDS, Justice.

Modifying the visitation provisions of a foreign decree of divorce, custody and support, the trial court held that it did not have jurisdiction over the subject matter of child support. The appellant-father challenges the modification order as a change of custody unsupported by the factual findings; the appellee-mother claims that the court fundamentally erred in its determination of lack of jurisdiction of the child support issue. We conclude that the modification of visitation privileges was within the court's authority, and that the court erred in denying its jurisdiction of the subject matter of child support. Affirmed in part; reversed and remanded in part.

The marriage between appellant Gary Hollis and appellee Phoebe Proctor Hollis was terminated by a decree of divorce entered in November, 1972, by the Circuit Court of Santa Rosa County, Florida. Custody of the two minor children of the marriage was vested in appellee; appellant was adjudged to have visitation privileges at reasonable times and places after reasonable notice. Contained in the decree is the visitation provision conditioned that if the children permanently reside over 300 miles from Pensacola, Florida, visitation of the children with appellant shall be increased to six weeks during the summer and one week during Christmas vacation with transportation costs to be borne by appellant. The appellant-father was ordered to make periodic financial contributions to the support of the children. In February, 1973, appellee and the minor children moved to, and established permanent residence in, Lubbock, Texas.

On allegations of validity of the Florida decree and refusal by appellee to honor the visitation provisions thereof, appellant instituted this suit in May, 1973, in the 140th Judicial District Court of Lubbock County, seeking to enforce, under the full faith and credit principle, the decree for increased visitation with appellant, beginning June 1, 1973. Additional to her answer, appellee filed cross-action allegations. Pleading that appellant was delinquent in making the child support payments ordered by the Florida decree, appellee alleged her entitlement to, and prayed for, complete custody of the minor children uninterrupted by any visitation privilege in appellant and for an increase in the amount of child support to be paid by appellant.

Following a hearing, the trial court entered judgment on July 3, 1973. Recording

in its judgment that the parties appeared in person and by counsel and announced ready, the court found it had venue and jurisdiction of the parties and the children and the subject matter of custody and visitation, but the court found that it "does not have jurisdiction to hear and determine the matter of child support payments and any change or modification thereof." Reciting that the entered judgment was for the best interest and welfare of the children, the court modified the Florida decree to provide that the children shall not be removed from appellee's custody except for a period of visitation by the children with appellant in Florida from June 1 to June 15, 1974, subject to certain conditions concerning the visitation to be met by appellant. All other relief sought by the parties was denied.

Responsive to requests by appellant, the court filed findings of fact and conclusions of law. Among the facts found and filed were those listed by the court to be: the pendency in the Florida court of a petition filed by appellant for complete custody of the children; an absence of good faith on the part of appellant in presently seeking removal of the children to Florida to visit him; appellant's present suit is in reality a subterfuge with the true intent and purpose being the removal of the children for the purpose of litigation in Florida; and, since the children had been removed to Lubbock away from the influence of the father's constant appearance and talking with the children with the urging upon them of not having to obey their mother, the children have become more quiet, not so nervous, are easier to discipline, and their general condition of health, well being and education have greatly improved, and the new environment has been to the best interest and welfare of each of the children. Based upon the facts found, the court reached the conclusion, among the others filed, that there had been a substantial and material change in conditions impelling the court to modify the Florida decree.

The appeal was perfected without a statement of facts. Sans the statement, appellant does not question the validity of the findings of fact made by the trial court. Challenged, however, is the sufficiency of the found facts to support the legal conclusion that they in themselves show the substantial and material change of conditions required to authorize the change of custody ordered by the court.

While appellant speaks of a change of custody, it is clear that the court, by not disturbing the permanent custody status awarded by the Florida court, has done no more than modify the existing visitation privileges of appellant. This modification, if supported by the unquestioned facts found by the court, is within the jurisdictional exercise of the court's equitable powers invoked by the pleadings joining the issues of custody of and visitation with the minor children. Leithold v. Plass, 413 S.W.2d 698 (Tex.1967).

Implicit in, and the efficacy of, the factual findings is the determination that the Florida order for increased visitation is unworkable and inappropriate for the best interest and welfare of each of the children under the circumstances the court found existing. In this situation, it is not necessary to show the change of circumstances required for a change of custody, Rodgers v. Williamson, 489 S.W.2d 558 (Tex.1973), for not only must the trial court be permitted greater latitude than for a change in permanent custody, but the prerequisite proof to justify a modification of visitation privileges need go no further than to show the prior order is unworkable and inappropriate. Boney v. Boney, 458 S.W.2d 907 (Tex.1970).

Having effectually found that the foreign order of visitation was unworkable and inappropriate, the trial court was authorized to exercise its equitable powers to modify the order. Appellant's single point of error is overruled.

Appellee claims that the trial court's decision that it had no jurisdiction to hear and determine the child support issue was fundamental error.[1] The inferential basis for the court's decision that it was without jurisdiction was that, and the parties have joined the issue whether, the matter of child support would have to be determined by the Florida court which issued the original decree.

■ There was no proof of the law of Florida and there was no request that the trial court take judicial notice thereof as permitted by Rule 184a, Texas Rules of Civil Procedure. Therefore, Florida law is presumed to be the same as that of Texas, Ogletree v. Crates, 363 S.W.2d 431 (Tex. 1963), which, of course, permits the change of child support orders as the facts and circumstances and justice may require.

Appellant contends that the trial court's decision was dictated by the ex cathedra decisions[2] declaring the rule that the court granting the divorce has continuing and exclusive jurisdiction of the support issue.[3] This rule evolved from the construction given the last sentence of Vernon's Ann. Civ.St. art. 4639a, § 1,[4] in effect at the time of the hearing,[5] reading, "Said court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent." McAfee v. McAfee, 152 Tex. 156, 255 S.W.2d 185 (1953).[6]

■ However, the rule was derived from the statutory enactment making specific provisions for minor children affected by divorces granted by Texas courts. Thus, the rule is directed to, and all the cases announcing the application of the rule speak of, the child support jurisdiction of the Texas court which granted the divorce as being exclusive only of all other Texas courts to make orders concerning child support.[7] We have not been directed to any Texas authority, and our independ-

1. If, in fact, the trial court did have jurisdiction of the subject matter of child support, its determination to the contrary is error that is truly "fundamental." This is evident because the error would go to the very foundation and merits of the action pleaded by appellee, Rankert v. Clow, 16 Tex. 9, 13 (1856), and it would be a matter directly and adversely affecting the interest of the public generally, as that interest is declared in the law of this State, Ramsey v. Dunlop, 146 Tex. 196, 202, 205 S.W.2d 979, 983 (1947), particularly as that interest is involved in the welfare and relationships of minor children. Wicks v. Cox, 146 Tex. 489, 493, 208 S.W.2d 876 (1948).

2. Ex Parte Mullins, 414 S.W.2d 455 (Tex. 1967) ; Ex parte Webb, 153 Tex. 234, 266 S.W.2d 855 (1954) ; Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83 (1942) ; Ex parte Taylor, 137 Tex. 505, 155 S.W.2d 358 (1941).

3. Ex parte Mullins, 414 S.W.2d 455 (Tex. 1967), teaches that this rule is not altered even though the original divorce decree did not adjudicate child support.

4. This statute specifies that in the event a divorce is granted, the court shall make such orders regarding the custody and support of any minor children as is for their best interest.

5. Art. 4639a, V.A.C.S., was repealed and its subject matter was embraced in V.T.C.A., Family Code, effective January 1, 1974.

6. Ex parte Webb, 153 Tex. 234, 266 S.W.2d 855 (1954), makes it clear that the quoted sentence refers only to support and not to custody. There, it was reiterated that the judgment of divorce and custody is final and any reopening of custody is a new and independent suit controlled by the general rules of venue, while the court granting the divorce has continuing jurisdiction of the support issue.

Further, as stated in Ex parte Mullins, 414 S.W.2d 455 (Tex.1967), subsequent motions to change or modify child support orders must be filed in the original divorce suit. Ex parte Webb, supra, recognizes that the construction given to the statutory language results in some cases in a need to resort to two Texas courts where subsequent custody and support actions are instituted.

7. V.T.C.A., Family Code § 11.05, prescribes continuing jurisdiction in the court of original jurisdiction, but the code provides for a change of venue under the conditions stated in § 11.06 thereof.

ent research has revealed none, that has considered the jurisdictional question presented here for resolution.[8]

■ By ruling that the exclusive child support jurisdiction is in the Florida court, the trial court relegated appellee, for a readjudication of the matter, to activating that jurisdiction either by entering her personal appearance before the Florida court or by initiating proceedings under the provisions of the Uniform Reciprocal Enforcement of Support Act.[9] Either course of action would naturally be, in the words of our Uniform Support Act, "in addition to and not in substitution of any other remedies"[10] available to appellee. We do not believe appellee's remedy is, or should be, restricted to either course where the forum's jurisdiction of both the subject matter and the parties is invoked by the pleadings and personal appearance of the parties for adjudication. Certainly the activation of the child support jurisdiction of the foreign court is not required by the full faith and credit clause of the United States Constitution.[11] So far as the full faith and credit clause is concerned, any modification that the foreign court could make in its original decree may be made by the forum. People of State of New York

ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947).

Texas, like any other state, has a peculiar interest and concern for the maintenance and support of minor children domiciled within her borders. Thus, unless the converse is clearly evident, Texas should not foreclose the general jurisdiction of her courts to inquire into the duty of support as it may be interrelated to the jurisdiction of custody and visitation, particularly where the forum has the contacts to make an intelligent decision as to what modification, if any, should be made in the foreign decree.

■ A Texas court will not hesitate to assume, as between local residents invoking the jurisdiction of the court, jurisdiction of the subject matter of, and to apply Texas law to enforce and modify the provision for, child support adjudicated in a foreign decree. Clapp v. Clapp, 393 S. W.2d 412 (Tex.Civ.App.—Amarillo 1965, no writ). Moreover, Texas courts will entertain jurisdiction of a suit for a change of visitation different from and for increased child support beyond that ordered in a foreign decree when the non-resident father appears and answers the suit brought therefor by the resident mother.

8. The question presented here is distinguished from the situation where a court, having jurisdiction, refuses to assume that jurisdiction, and from the situation where a court, having assumed jurisdiction, refuses to exercise it.

Parenthetically, it should be noted that the question here is not whether appellee is entitled to judgment for the child support payments she alleged to be delinquent under the Florida decree, for she did not seek judgment therefor. Neither is the question whether the Florida child support order is subject to modification, because the Texas law of permissible modification is applicable. Nevertheless, it is generally conceded that a foreign decree for future installments of child support not yet due does not, as to such installments, bind the forum by the full faith and credit clause where such future installments are subject to change by the court rendering the decree. People of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947).

9. At the time of the hearing, the Texas Uniform Reciprocal Enforcement of Support Act was art. 2328b–4, Vernon's Ann.Civ.St. This article was repealed and replaced by V.T.C.A., Family Code § 21, effective January 1, 1974.

10. Vernon's Ann.Civ.St. art. 2328b–4, § 3; V.T.C.A., Family Code § 21.04.

11. U.S.Const. art. IV, § 1. Interestingly, the Florida Supreme Court held in Sackler v. Sackler, 47 So.2d 292 (1950), that a foreign decree for support for the non-resident wife and children may be established and enforced, subject to any equitable defenses of the resident husband, as a Florida decree and, since Florida equity courts are authorized to modify decrees of any court of competent jurisdiction, the local court is then authorized to modify the decree as to future installments.

Bergerac v. Maloney, 478 S.W.2d 111 (Tex.Civ.App.—Beaumont 1972, no writ). We think there should be no difference in, nor any limitation placed on, the courts' jurisdiction merely because a non-resident, voluntarily entering this State and invoking the jurisdiction of a court to establish a foreign decree, seeks to enforce a specific provision thereof against a resident.

When appellant voluntarily entered this State and invoked the jurisdiction of the 140th Judicial District Court to establish the Florida decree and to enforce the visitation provisions thereof, he invoked the general jurisdiction of the court over the minor children. Appellant, having brought the children before the court, could not by the nature of his pleadings limit the constitutional jurisdiction of the court to deal in the fullest measure with the persons or status of the children. Knollhoff v. Norris, 152 Tex. 231, 256 S. W.2d 79 (1953). Therefore, appellee was not only entitled to present any defenses existing to appellant's cause of action, but she was privileged to invoke the coordinate jurisdiction of the court over the interrelated matters of custody and child support.

At the time of the hearing, there was before the court for adjudication the joined issues of custody, visitation and child support, matters over which the 140th Judicial District Court had general constitutional jurisdiction. By voluntarily appearing and unqualifiedly submitting themselves to the jurisdiction of the court and seeking an adjudication of the joined issues, the parties became bound by the court's jurisdiction. York v. The State of Texas, 73 Tex. 651, 11 S.W. 869 (1889), aff'd 137 U.S. 15, 11 S.Ct. 9, 34 L.Ed. 604 (1890). It then devolved upon the court to exercise its equitable powers to make the proper disposition of all matters involved in a manner supported by the evidence. Leithold v. Plass, supra.

Consequently, the trial court fundamentally erred in denying its jurisdiction over the subject matter of child support. Appellee's cross-point claim is sustained.

That portion of the trial court's judgment modifying appellant's visitation privileges is affirmed; that portion of the judgment denying jurisdiction of the subject matter of child support is severed and reversed and remanded.