**William Bruner CAMPBELL, Appellant,**

v.

**Laura Fenner Williams CAMPBELL, Appellee.**

**No. 12550.**

Court of Civil Appeals of Texas, Austin.

April 20, 1977.

Robert J. Hearon, Jr., Graves, Dougherty, Hearon, Moody & Garwood, Austin, for appellant.

Roy Q. Minton, John L. Foster, Minton, Burton & Fitzgerald, Inc., Austin, for appellee.

SHANNON, Justice.

This is an appeal from a judgment entered in a divorce suit. A threshold question concerns the finality of the judgment. We have concluded that the judgment is not final, and, as a result, we will dismiss the appeal.

In January, 1975, appellee, Laura Fenner Williams Campbell, filed suit for divorce against appellant, William Bruner Campbell, in the district court of Travis County. The parties were married in 1965 and they have two children. In March, 1975, the district court appointed appellee temporary managing conservator of the children and appointed appellant temporary possessory conservator of the children. In September, 1975, appellant, in violation of the court's order, removed the children from Travis County and concealed their location. In October, 1975, the district court entered judgment finding appellant to be in contempt and assessing punishment.

In June, 1976, the case came on for trial. At trial time the location of appellant and the children was still unknown to the court, to appellee, and to counsel for the parties. Appellant's counsel filed a motion for continuance based upon counsel's inability to represent his client in his client's absence. The district court overruled the motion.

After trial to the court, judgment was entered dissolving the marriage and awarding to appellee all of the community property and about one-half of appellant's separate property. By the terms of the judgment appellee was appointed managing conservator of the children. The judgment provided that appellant would have no rights with respect to the children ". . . pending further order of this Court . . ." and that no support payments for the children were to be ordered ". . . at the present time, subject to review by this Court at such time as the Respondent brings himself personally before this Court."

In connection with an interest in certain notes receivable awarded appellant, the judgment provided as follows:

"IT IS FURTHER ORDERED, however, with respect to the forementioned notes receivable awarded to the Respondent, that until such time as the Respondent, William Bruner Campbell, returns to the jurisdiction of this Court and submits himself to the orders of this Court, whether voluntarily or otherwise, the Petitioner, Laura Fenner Williams Campbell, shall have authority to manage and

control such notes receivable for the benefit of the Respondent and the minor children of this marriage. The Petitioner is authorized to utilize such notes receivable and the income and proceeds therefrom, for the following purposes, and the following purposes only: (1) She may expend such funds for reasonable and necessary expenses in locating the minor children of this marriage, and returning the said children to the jurisdiction of this Court, (2) She may, and on request of the attorneys for the Respondent must, pay from such funds all costs and expenses necessarily incurred in the prosecution of an appeal from this judgment, and (3) She may, and on request of the attorneys for the Respondent must, pay all reasonable and necessary costs and expenses incurred in maintaining and preserving the property of the Respondent. The Petitioner shall maintain precise and accurate records of all such moneys received and expended, shall expend no funds for purposes other than those hereinabove set forth, and shall remain obligated to account for all such moneys received by her."

■ To be final a judgment must determine the rights of the parties and dispose of all issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy. *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1956), see *Stalco, Inc. v. Zero Refrigerated Lines, Inc.*, 390 S.W.2d 476 (Tex.Civ.App.1965, writ ref'd). In general, when a judgment, not intrinsically interlocutory in character, is entered in a case regularly set for a conventional trial on the merits, and there is no order for the separate trial of the issues, it will be presumed for purposes of appeal that the court intended to, and did, dispose of all parties and issues. *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966); *Hoover v. Barker*, 507 S.W.2d 299 (Tex.Civ.App.1974, writ ref'd n. r. e.).

■ A judgment is interlocutory when it determines less than all issues as to all

parties thereby leaving "something further to be determined and adjudicated by the court in disposing of the parties and their rights." 4 McDonald, *Texas Civil Practice*, § 17.03.1 (1971). Nevertheless, the mere fact that some further proceeding in the trial court is necessary to effectuate the judgment does not always render the judgment interlocutory. *Dunn v. Dunn*, 439 S.W.2d 830 (Tex.1969). In our view, the ultimate determination of whether a judgment is interlocutory depends upon whether the judgment leaves any issues remaining which require judicial examination or re-examination.

■■ We recognize, of course, the fact that the trial court retains continuing jurisdiction over the parent-child relationship, Tex. Family Code Ann. § 11.05 (1975), does not prevent the judgment from being final. *McAfee v. McAfee*, 152 Tex. 156, 255 S.W.2d 185 (1953). Even so, if the judgment expressly reserves the issues of child support or property division for future determination by the court, the judgment is interlocutory. *Stone v. Stone*, 531 S.W.2d 850 (Tex.Civ.App.1975, no writ); *Angerstein v. Angerstein*, 389 S.W.2d 519 (Tex. Civ.App.1965, no writ).

■ The presumption of finality, announced in *North East Independent School District* is not applicable to the case at bar because the judgment, on its face, shows that the court reserved issues for determination at a later time. For example, the court ordered no support payments but instead reserved that determination until such time as William Bruner Campbell ". . . brings himself personally before this Court." It is clear that such a future hearing will entail the taking of evidence with respect to the then financial circumstances of the parties and the needs of the children. Based upon that evidence, the court then will order the appropriate support. Stated another way, the express postponement of issues for later judicial determination rendered the judgment interlocutory.

This appeal, presenting no exception to the rule that interlocutory judgments are not appealable, is dismissed.

Dismissed.